**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JASON REBARDI #264443** | **CASE NO.  6:19-CV-00300 SEC P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se petitioner Jason Rebardi, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on February 28, 2019.   Petitioner attacks his 2002 aggravated rape conviction and the life sentence imposed thereon by the 16th Judicial District Court, St Mary Parish.  For the following reasons it is recommended that the petition be deemed second and successive and, owing to the Court's lack of jurisdiction, TRANSFERRED to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

### Statement of the Case

Petitioner was indicted by the St. Mary Parish Parish Grand Jury and charged with aggravated rape of person under the age of 12.  Following a jury trial, where he was found guilty as charged, he was sentenced to life imprisonment.  He appealed

his conviction and sentence in the First Circuit, who denied his appeal on December 31, 2003.   The Louisiana Supreme Court denied writs on June 25, 2004.  On June 6, 2005, Rebardi filed an application for post-conviction relief in the 16th Judicial District Court.  The application was denied by the district court, the First Circuit Court of Appeal, and ultimately by the Louisiana Supreme Court on September 29, 2006. *State of Louisiana ex rel. Jason Rebardi v. State of Louisiana*, 2006-0699 (La. 9/29/2006), 937 So.2d 855.

On November 17, 2006, he filed a pro se petition for writ of habeas corpus in this Court.  He argued the following claims for relief, (1) trial court erred in failing to allow defense counsel to play a videotaped statement of one of the state's witnesses for the purpose of impeaching the witness's testimony; (2) trial court erred in denying defense the right to present testimony about a statement made to a detective by a witness who allegedly asserted her Fifth Amendment privilege at trial, which denied defendant the right to present a defense; (3) trial court erred in denying defendant's motion for mistrial; (4) prosecution improperly manipulated a witness to prevent her from testifying on petitioner's behalf in violation of her Sixth Amendment right; and (5) witness never stated that she was invoking her Fifth Amendment right not to testify.  *Rebardi v. Warden Louisiana State Penitentiary*, Civil Action 06-2255 (W.D. La. 2009).  On April 6, 2009, United States Magistrate Judge Mildred E. Methvin, recommended dismissal of the petition on the merits.  *Id.*

2

at Rec. Doc. 19.  Thereafter, on June 28, 2009, United States District Judge Richard T. Haik, Sr. adopted the recommendation and ordered that the petition be dismissed. *Id*. at Rec. Doc. 21.  On July 10, 2009, Judge Haik denied petitioner's motion for certificate of appealability (COA).  *Id*. at Rec. Doc. 28.  Thereafter, on February 11, 2010, the United States Fifth Circuit Court of Appeals also denied a COA.  *Rebardi v. Burl Cain*, Warden, No. 09-30590 (5th Cir. 2010).

Petitioner maintains that in August 2009, he obtained a notarized affidavit of the victim's aunt, dated August 26, 2009, who stated under oath that the victim told her she had lied about Petitioner raping her.  He contends that this newly discovered evidence proves his innocence.

Petitioner filed a second Application for Post-Conviction Relief in the state court, relying on the affidavit.  On November 9, 2016, the trial court denied his application, holding that the petition did not present newly discovered evidence. [Rec. Doc. 1-3, p. 10]  On March 6, 2017, Petitioner applied for writs in the First Circuit Court of Appeal  (*Id*. at pp. 12-29); the application was denied on May 18, 2017.  *Id*. at p. 30.  Petitioner's application for supervisory writs in the Louisiana Supreme Court  (*Id*. at pp. 32-51) was denied on October 8, 2018. *Id*. at pp. 53-55. Justice Hughes, dissenting, stated, "Relator offers five affidavits, three from the victim's family, which recant or call into question trial testimony. Relator argues actual innocence.  Without reaching the merits, these affidavits are 'new evidence'

as contemplated by La. C.Cr.P. article 930.8(A)(1), and a hearing is required. *Id*. at p. 55.

On February 28, 2019, Petitioner filed the instant petition for habeas corpus alleging that this newly discovered evidence supports his claim of actual innocence.

### *Law and Analysis*

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See Id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider Petitioner's allegations, including those asserting his actual innocence. *See* 28 U.S.C. § 2244(b). Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps,* 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive habeas corpus petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's

successive habeas petition until such time as the Court of Appeals authorizes such a

filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and

that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth

Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the

provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b),

parties aggrieved by this recommendation have fourteen (14) days from service of

this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the district judge at

the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in this Report and Recommendation within

fourteen (14) days following the date of its service, or within the time frame

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either

the factual findings or the legal conclusions accepted by the District Court, except

upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 15th day of May, 2019.

**Carol B. Whitehurst**
**United States Magistrate Judge**